IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HYDRIL COMPANY, L.P., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-0337 |
| | § | |
| GRANT PRIDECO, L.P., *et al.*, | § | |
|     Defendants. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Partial Reconsideration [Doc. # 31] filed by Plaintiff Hydril Company, L.P. ("Hydril"). Defendants Grant Prideco, L.P. and Grant Prideco, Inc. (collectively "Grant Prideco") filed their Response [Doc. # 37], and Plaintiff filed a Reply [Doc. # 39]. Based on the Court's review of the record in this case and the application of governing legal authorities, the Court concludes that Plaintiff's Motion should be **denied**.

**I.    FACTUAL BACKGROUND**

The factual background of this case is set forth fully in the Court's Memorandum and Order entered June 22, 2005 [Doc. # 30] and will not be repeated here. Briefly, Hydril manufactures and sells connections used to attach segments of drill pipe for use in the drilling of oil and gas wells. Grant Prideco manufactures and sells both drill pipe and connections.

In 1997, Hydril and Grant Prideco entered into a Merger Agreement pursuant to which the parties also entered into a licensing agreement referred to as the "Wedge Agreement." The Merger Agreement contains a provision under which each party waives all "rights and remedies relating to [the Merger] Agreement and the transactions contemplated [t]hereby sounding in . . . statute, . . . or injury outside [the Merger] Agreement." *See* Merger Agreement, § 12.12.

Hydril alleges that Grant Prideco materially breached the Merger Agreement and, therefore, the Merger Agreement and associated license terminated. As a result, Hydril argues, Grant Prideco's continued use of Hydril's intellectual property constitutes patent infringement. Grant Prideco moved to dismiss Hydril's patent infringement claim, arguing that it is barred by § 12.12 of the Merger Agreement. This Court granted Grant Prideco's motion and dismissed Hydril's patent infringement claim. Hydril has now moved for reconsideration of that portion of the Court's June 22 Memorandum and Order.

**II.   ANALYSIS**

Hydril's Motion was filed June 30, 2005, fewer than ten days after the Court's June 22 Memorandum and Order. Accordingly, it is properly considered under Rule 59(e) of the Federal Rules of Civil Procedure. "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact

or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotations and citations omitted). A motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Hydril disagrees with the construction of Section 12.12 argued by Grant Prideco and adopted by this Court. Hydril argues again that, because waiver clauses must be narrowly construed, section 12.12 does not waive Hydril's patent infringement claim based on Grant Prideco's conduct after Hydril decided that Grant Prideco materially breached the Wedge Agreement and caused it to terminate. Hydril also argues that the interpretation of section 12.12 results in a "perpetual license" in favor of Grant Prideco.

Texas law is "committed to the principle of contractual freedom" and gives those who enter into contracts "the utmost liberty of contracting." *See Churchill Forge, Inc. v. Brown*, 61 S.W.3d 368, 370-71 (Tex. 2001). As the Court noted in its June 22 Memorandum and Order, it is clear that the parties to the Merger Agreement intended to exercise this "utmost liberty of contracting" to define specifically and in a very limited way the claims which could be asserted against each other. With that intent,

they knowingly and intentionally waived a number of rights, including patent rights, "relating to" the Wedge Agreement and chose to restrict potential claims against each other to breach of contract.

In this case, the patent infringement claim is based exclusively on Hydril's position that Grant Prideco's breach of the Merger Agreement resulted in the termination of the Wedge Agreement and the related licenses. Even if this interpretation and the proper application of § 12.12 could conceivably result in a "perpetual license" in favor of Grant Prideco, a result that is unlikely at best, it is difficult to imagine a situation falling more squarely within the language of § 12.12.

Hydril's patent infringement claim seeks to enforce statutory rights related to the Wedge Agreement as a transaction contemplated by the Merger Agreement. As the Court concluded in its prior decision, Hydril agreed in § 12.12(a) of the Merger Agreement to waive its right to enforce its patent rights against Grant Prideco and the patent infringement claim was properly dismissed.

### III.   CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Hydril's patent infringement claim was properly dismissed as barred by § 12.12 of the Merger Agreement. Hydril has not demonstrated that the Court's prior decision constituted a manifest error of law or fact. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Partial Reconsideration [Doc. # 31] is **DENIED**.

SIGNED at Houston, Texas, this **26th** day of **July, 2005**.

_____
Nancy F. Atlas
United States District Judge