IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HYDRIL COMPANY, L.P., *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-0337 |
| | § | |
| GRANT PRIDECO, L.P., *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss Plaintiffs' Second Amended Complaint ("Motion to Dismiss") [Doc. # 38] filed by Defendants Grant Prideco, L.P. and Grant Prideco, Inc. (collectively "Grant Prideco"). Plaintiffs Hydril Company L.P. and Hydril U.K., Ltd. ("Hydril") filed their Response [Doc. # 44] and Grant Prideco filed a Reply [Doc. # 45]. Based on the Court's review of the full record and the application of governing legal authorities, the Court concludes that the Motion to Dismiss should be **granted**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The factual background of this case was set forth fully in the Court's Memorandum and Order entered June 22, 2005 ("June 22 Order"), and will not be repeated here. Briefly, Hydril manufactures and sells connections used to join segments of drill pipe in the drilling of oil and gas wells. Hydril U.K., Ltd., has sold

finished drill pipe on one occasion. Grant Prideco manufactures and sells both drill pipe and connections.

Grant Prideco is the owner of United States Patent 6,244,631 ("the '631 Patent), which has been surrendered as part of a reissue proceeding beginning June 6, 2003. Hydril alleges that Grant Prideco obtained the '631 Patent through fraud and, therefore, its assertion of rights under that patent constitutes a violation of the antitrust laws as recognized in *Walker Process Equipment, Inc. v. Food Machinery & Chem. Corp.*, 382 U.S. 172 (1965) (referred to herein as a "*Walker Process*" claim).

Hydril in this lawsuit asserted a breach of contract claim, a patent infringement claim involving a different patent, and the *Walker Process* claim. In the June 22 Order, the patent infringement claim was dismissed and Hydril was permitted to amend its *Walker Process* claim. Hydril filed its Second Amended Complaint, adding Hydril U.K., Ltd. as a Plaintiff. Defendants then moved to dismiss the *Walker Process* antitrust claim for a variety of reasons. Specifically, Defendants argue that Plaintiffs have failed to allege facts establishing that they have standing to assert the antitrust claim because they have not alleged an injury-in-fact, antitrust injury, or that Hydril is a proper antitrust Plaintiff. Defendants also argue that Hydril has failed to allege a viable *Walker Process* claim because they have not alleged facts to show that Grant Prideco engaged in the required level of activity to enforce the '631 Patent. Defendants

also asked the Court to decline to exercise supplemental jurisdiction over the pending breach of contract claim.  The Motion to Dismiss has been fully briefed and it is now ripe for decision.

## II.     ANALYSIS

### A.     Standard for Motion to Dismiss

A district court may dismiss a complaint under Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts consistent with his factual allegations which would entitle him to the requested relief.  *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002).  Thus, the Court must determine whether the complaint states any valid claim for relief in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's behalf.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Manguno*, 276 F.3d at 725.  However, the plaintiff must plead specific facts, not mere conclusory allegations, in order to avoid dismissal for failure to state a claim.  *Jones v. Alcoa*, 339 F.3d 359, 362 (5th Cir. 2003), *cert. denied*, 540 U.S. 1161 (2004).  Statements that merely create a suspicion that the plaintiff may have a right of action do not foreclose a motion to dismiss.  *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins,* 224 F.3d at 498. Documents "attached to a motion to dismiss are considered part of the pleadings if they are referred to in the complaint and are central to the claim." *Id.* at 498-99.

### B.     "Enforcement" Requirement for a *Walker Process* Claim

Grant Prideco argues that Hydril's *Walker Process* claim should be dismissed because, *inter alia*, Hydril has not alleged the required level of activity by Grant Prideco to enforce the '631 Patent. The Federal Circuit has clearly held that "as a matter of Federal Circuit antitrust law, the standards . . . for determining jurisdiction in a Declaratory Judgment Action of patent invalidity also define the minimum level of 'enforcement' necessary to expose the patentee to a *Walker Process* claim for attempted monopolization."[1] *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 375 F.3d 1341, 1358 (Fed. Cir. 2004), *cert. denied*, 125 S. Ct. 1399 (2005). The test for determining jurisdiction in a Declaratory Judgment Action challenging patent validity

---

[1] Because a *Walker Process* claim is aimed at removing patent law immunity from antitrust claims, the level of enforcement required for a *Walker Process* claim is an issue associated with patent law and Federal Circuit law rather than Fifth Circuit law governs whether a patentholder has taken adequate steps to enforce the patent. *See Unitherm Food Systems, Inc. v. Swift-Echrich, Inc.*, 375 F.3d 1341, 1357 (Fed. Cir. 2004) ("which actions can cause a patentee . . . to lose the general protection of the patent law and to risk liability for [antitrust] damages is clearly an issue unique to the patent law – and therefore inappropriate for resolution under the potentially varying interpretations of the regional circuits").

requires both (1) an explicit threat or other action by the patentee which creates a reasonable apprehension on the part of the plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity. *Sierra Applied Sciences, Inc. v. Advanced Energy Industries, Inc.*, 363 F.3d 1361, 1373 (Fed. Cir. 2004) (citing *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1993)). "The first prong looks to the patentholder's conduct, and the second prong looks to the potential infringer's conduct." *Id.* "The 'reasonable apprehension of suit' test requires more than the nervous state of mind of a possible infringer; it requires that the objective circumstances support such an apprehension." *Phillips Plastic Corp. v. Kato Hatsujou Kabushiki Kaisha*, 47 F.3d 1051, 1053-54 (Fed. Cir. 1995).

In this case, Hydril alleges that Grant Prideco "has widely publicized the existence of the '631 Patent to the industry in general." Second Amended Complaint, ¶ 48. Hydril also alleges that Grant Prideco's attorney wrote a letter to OMSCO, a drill pipe distributor, asserting that certain orders from OMSCO's customers may violate the '631 Patent.[2] *Id.* Hydril also alleges "on information and belief" that Grant Prideco sent similar letters to "others in the pipe and drilling industries." *Id.*

---

[2]  The letter, attached as Exhibit 9 to the Second Amended Complaint, states that Grant Prideco believes the '631 Patent "may be relevant to" pending orders for certain drill pipe and does not mention Hydril.  *See* Letter to OMSCO, Exh. 9 to Second Amended Complaint.

Neither Hydril Company L.P. nor Hydril U.K., Ltd., alleges enforcement activity by Grant Prideco which would create an objectively reasonable apprehension that Grant Prideco might sue Hydril for patent infringement. Initially, there is no allegation in the Second Amended Complaint that Grant Prideco has accused Hydril of infringing the '631 Patent. The general advertisements mentioning Grant Prideco's patent do not create a reasonable apprehension that Grant Prideco would sue Hydril. Similarly, the January 2003 letter to OMSCO does not contain an explicit threat or other language which, under the totality of the circumstances, could create a reasonable apprehension on Hydril's part that Grant Prideco might sue it for patent infringement. There is no allegation that any similar letters sent by Grant Prideco or its counsel to others in the pipe and drilling industry were more explicit or otherwise indicated Grant Prideco's intention to enforce the '631 Patent against Hydril or others. Additionally, there is no allegation that Grant Prideco engaged in any further activity to follow up on the January 2003 letter to OMSCO, or on any other similar letters to others.

Because Hydril has failed to allege enforcement activity by Grant Prideco which would create an objectively reasonable apprehension that Grant Prideco intended to enforce the '631 Patent against Hydril, Plaintiffs have failed to allege the minimum level of enforcement necessary to state a *Walker Process* claim against Grant Prideco.

Hydril has been given two opportunities to amend its Complaint, most recently after Defendants' explicit arguments that Hydril's antitrust claim failed for various enumerated reasons.  Hydril has had ample time to investigate its *Walker Process* claim, yet has failed to allege legally sufficient facts.  The Court concludes Hydril cannot state a claim upon which relief can be granted on the *Walker Process* claim, and that claim is dismissed.

### C. Contract Claim

Hydril alleges that Grant Prideco breached a Merger Agreement entered into between the parties in 1997, pursuant to which the parties also entered into a licensing agreement referred to as the "Wedge Agreement."  The Court has only supplemental jurisdiction over this state law breach of contract claim.

The case is in its very early stages.  Indeed, the Court has not yet entered a docket control order and discovery except as to Plaintiffs' antitrust standing and antitrust injury has been stayed.  Because the federal claims have been dismissed at such an early stage of the proceedings, under 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiffs' pendent state law claim for breach of contract.  *See Moore v. Willis Independent School Dist.*, 233 F.3d 871, 876 (5th Cir. 2000); *Robertson v. Neuromedical Center*, 161 F.3d 292, 296 (5th Cir.

1998), *cert. denied*, 526 U.S. 1098 (1999) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

### III.   CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Hydril has failed to allege the minimum level of patent enforcement activity necessary to support its *Walker Process* claim. The patent infringement claim was previously dismissed, and the Court declines to exercise supplemental jurisdiction over the state law breach of contract claim. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 38] is **GRANTED**. Hydril's *Walker Process* antitrust claim is **DISMISSED with prejudice**. It is further

**ORDERED** that the breach of contract claim is **DISMISSED** without prejudice to Plaintiffs' refiling the claim in state court. Plaintiffs should take note that the period of limitations for the dismissed state claim is tolled for an additional period of thirty (30) days after the date of this Order unless state law provides for a longer tolling period. 28 U.S.C. § 1367(d). The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **25th** day of **August, 2005**.

_____
Nancy F. Atlas
United States District Judge

1998), *cert. denied*, 526 U.S. 1098 (1999) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

### III.   CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Hydril has failed to allege the minimum level of patent enforcement activity necessary to support its *Walker Process* claim. The patent infringement claim was previously dismissed, and the Court declines to exercise supplemental jurisdiction over the state law breach of contract claim. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 38] is **GRANTED**. Hydril's *Walker Process* antitrust claim is **DISMISSED with prejudice**. It is further

**ORDERED** that the breach of contract claim is **DISMISSED** without prejudice to Plaintiffs' refiling the claim in state court. Plaintiffs should take note that the period of limitations for the dismissed state claim is tolled for an additional period of thirty (30) days after the date of this Order unless state law provides for a longer tolling period. 28 U.S.C. § 1367(d). The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **25th** day of **August, 2005**.

_____
Nancy F. Atlas
United States District Judge